# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

ERIC COLEY                                                                           PETITIONER
Reg. #41404-424

v.                                         No. 2:20-cv-00015-JTR

DEWAYNE HENDRIX,
Warden, FCI-Forrest City Low                                          RESPONDENT

## MEMORANDUM AND ORDER[1]

### I. Introduction

Petitioner Eric Coley ("Coley") filed this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, challenging a prison disciplinary conviction he received while he was incarcerated at the Duluth Federal Prison Camp in Duluth, Minnesota.[2] *Doc. 1*. Before addressing the merits of Coley's habeas claims, it is important to understand the relevant facts giving rise to the challenged disciplinary conviction.

On August 6, 2018, at 11:30 a.m., BOP Lieutenant Bergerson filed an Incident Report charging Coley with possession of a "Smartwatch" capable of cellular communication. Lt. Bergerson described the incident as follows:

> At approximately 1020 am, August 6, 2018, while reviewing a Smartwatch recovered on August 3, 2018, from the Chapel utility room. I turned the

---

[1] The parties have consented to a United States Magistrate Judge conducting all proceedings in this civil action, including the entry of a final judgment. *Doc. 10*.

[2] Coley filed this habeas action after being transferred to the Federal Correctional Institution in Forrest City, Arkansas.

>watch on to discover the current date and time as not being correct, the watch displayed a date of Saturday, 02/04/2017, and a time of 0455 pm. While reviewing the local call log, I discovered the following two phone numbers 331-725-1358 and 312-203-5579 as being called from this device. A search of 331-725-1358 in the Truview program revealed the number as an active number unique only to inmate Coley, Eric, Reg. No. 41014-424 account, specifically listed as his parent Mardell Coley. The 312-203-5579 phone number was not found within the Truview system.

*Doc. 1 at 12*. That afternoon, at 1:18 p.m., BOP Officer Henshaw delivered the Incident Report to Coley. *Id.*[3]

On August 10, 2018, Coley attended an initial hearing conducted by the Unit Discipline Committee ("UDC"). At the hearing, Coley had "no comment." Based on the severity of the charge, the UDC referred the matter to the Disciplinary Hearing Officer ("DHO") to conduct a hearing. *Id*.

On September 12, 2018, DHO Lee-Lo conducted a disciplinary hearing, during which Coley denied ever possessing the Smartwatch. He also called as a witness BOP Officer Montez, who apparently had confiscated a G-Shock watch from Coley on a different date. Officer Montez stated, "the G-Shock watch, I gave his watch back to him after inmate provided the receipt." *Id*. Apparently, Coley believed Officer Montez's testimony that Coley wore a G-Shock watch somehow aided his claim that he did not possess the Smartwatch. While both watches have a timekeeping function, *only the Smartwatch can be used to place cell phone calls*.

---

[3] Coley attached all of the relevant disciplinary documents to his habeas Petition. *Doc. 1 at 12-20*.

2

On September 20, 2018, DHO Lee-Lo entered his decision, concluding that Coley possessed the Smartwatch in violation of Code 108, "Possession, Manufacture, Introduction, or Loss of a Hazardous Tool." *Doc. 1 at 13-15*. Later that same day, DHO Lee-Lo delivered a copy of his decision to Coley. *Id. at 15*.

In support of his decision, DHO Lee-Lo relied on the following evidence: (1) Lt. Bergerson's Incident Report; and (2) pictures of the black Smartwatch, USB cord, charger, and a Bluetooth earbud. *Id. at 14*. DHO Lee-Lo considered Coley's testimony that he never possessed the Smartwatch, but gave greater weight to Lt. Bergerson's account of the incident:

> [T]he Smartwatch was found in the Chapel utility room on August 3, 2018. The date on the Smartwatch indicated February 4, 2017. This Smartwatch further indicated a call log with a phone number . . . an active number unique only to your [Carter's] account, specifically listed as your parent Mardell Coley. Furthermore, DHO considered [Officer Martez's] statement as irrelevant based on a different watch.

*Id*. As punishment, Coley received the following sanctions: (1) the loss of 41 days of good conduct time; and (2) the loss of 120 days of commissary, phone, and visitation privileges. *Id*.

## II. Discussion

On January 23, 2020, Coley filed this § 2241 habeas action. In his Petition, he alleges that, in connection with this disciplinary conviction, his due process rights were violated in three ways:

> (1)   The BOP failed to "promptly assign an incident report number generated by the prison's SENTRY system."
>
> (2)   Lt. Bergerson failed to "specify which rule factor was at issue and that the 'tool' in question was, in fact, a phone [sic] [Smartwatch]."
>
> (3)   The "familiar number" on the Smartwatch's call log was insufficient evidence for DHO Lee-Lo to find that Coley possessed the Smartwatch.

*Doc. 1 at 9*.

On March 18, 2020, Respondent filed a Response, arguing that Coley's § 2241 Petition is without merit because his procedural due process rights were not violated and "some evidence" supports the disciplinary conviction. *Doc. 5*.[4]

On March 31, 2020, Coley filed a Motion asking the Court to stay his habeas action indefinitely because the BOP had restricted his access to the law library in response to the COVID-19 pandemic. *Doc. 8*. On April 1, 2020, the Court allowed Coley an additional 45 days to file his Reply. *Doc. 9*. Coley never filed a Reply nor requested additional time to do so.

For the following reasons, the Court concludes that Coley's habeas claims are without merit. Accordingly, this habeas action must be dismissed, with prejudice.

---

[4] Because Respondent does not address whether Coley exhausted the BOP appeals process before bringing this action, that argument is now waived. *See Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007) (exhaustion prerequisite for filing a § 2241 habeas petition is judicially created, not jurisdictional, and, thus, may be waived).

## A.     Procedural Due Process and *Wolff*

A prisoner's loss of good conduct time, as punishment for violating a prison rule, implicates liberty interests protected by the Due Process Clause. *Espinoza v. Peterson*, 283 F.3d 949, 951 (8th Cir. 2002). In *Wolff v. McDonnell*, 418 U.S. 539, 555-558 (1974), the Court held that, in a disciplinary hearing in which a prisoner may lose good conduct time for violating a prison rule, procedural due process, at a minimum, requires that the prisoner: (1) receive written notice of the disciplinary charge at least 24 hours *before* the disciplinary hearing; (2) have an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) receive a written statement from an impartial decision maker identifying the evidence relied on to support the conviction and the reasons for the disciplinary action. *Id.* at 563-567.

First, Coley claims that, because the Incident Report giving rise to the disciplinary was not "numbered," his due process rights were violated. The failure to assign a number to an Incident Report falls far short of the kind of meaningful procedural due process rights protected by *Wolff*. Accordingly, Coley's claim that his due process rights were violated, because the Incident Report was not "numbered," is without merit.[5]

---

[5] Coley also argues that the failure to assign a number to the Incident Report violated BOP policy. *Doc. 1 at 3*. However, the law is well-settled that a violation of BOP policies governing disciplinary proceedings does *not* rise to the level of a constitutional violation of a prisoner's Fifth

Second, Coley's claim that Lt. Bergerson did not specifically identify the "tool" that Coley possessed in violation of Code 108 is simply not true. The Incident Report specifically charged Coley with "Possession . . . of a Hazardous Tool . . . Prohibition Act Code . . . 108," and made it clear that the "Smartwatch" was the hazardous tool that Lt. Bergerson discovered and then opened to determine it belonged to Coley. *Doc. 1 at 12*. Accordingly, this claim also lacks merit.

Coley received the Incident Report on August 6, 2018, the same day it was filed, putting him on notice that he had been charged with possessing a Smartwatch in violation of prison rules. The disciplinary hearing was conducted a little over a month later, on September 12, 2018. Thus, *Wolff*'s 24-hour notice requirement was clearly satisfied.

At the hearing, Coley was allowed to testify on his own behalf and also present the testimony of his only other witness, BOP Officer Montez, who had previously confiscated a G-Shock watch from Coley. Thus, *Wolff*'s requirement that Coley be permitted to call witnesses and present documentary evidence in his defense was clearly satisfied.

On September 20, 2018, eight days after the hearing, DHO Lee-Lo entered his decision and, later the same day, provided it to Coley. Thus, *Wolff*'s requirement

---

Amendment due process rights. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("There is no federal constitutional liberty interest in having prison officials follow prison regulations.").

that Coley receive a written statement from an impartial decision maker identifying the evidence relied on and the reasons for the disciplinary action was clearly satisfied.

Accordingly, Coley has failed to demonstrate that his procedural due process rights were violated at any stage in the disciplinary process that led to his conviction for violating Code 108.

### B.     Substantive Due Process and the "Some Evidence" Standard

Finally, Coley argues that the "familiar phone number" in the Smartwatch's call log was insufficient evidence to support DHO Lee-Lo's finding of guilt.

To support a disciplinary conviction, the DHO's decision must only be based on "some evidence in the record." *Espinoza*, 283 F.3d at 951-952 (citing *Hill*, 472 U.S. at 454). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-456. "[D]isciplinary actions may be taken – and often they are – based *only on a guard's report. Even when there is substantial evidence to the contrary, the committee may find a guard's report to be credible* and therefore take disciplinary action." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th

Cir. 2008) (quoting *Hrbek v. Nix*, 12 F.3d 777, 781 (8th Cir. 1993) (emphasis added in *Hartsfield*)).

On August 6, 2018, Lt. Bergerson discovered a Smartwatch, capable of cellular communication, in a utility room at the Duluth Federal Prison Camp. The Smartwatch's call log demonstrated that a call had been made from the Smartwatch to 331-725-1358. According to the BOP's records, that phone number was the active phone number for Coley's mother, Mardell Coley. No other prisoner account was associated with the phone number. These facts clearly satisfied the "some evidence" standard.

### III. Conclusion

Coley's constitutional rights to procedural and substantive due process were not violated in connection with his disciplinary conviction for violating Code 108. Accordingly, his habeas claims are without merit.

IT IS THEREFORE ORDERED THAT Coley's § 2241 Petition for Writ of Habeas Corpus be and it is hereby dismissed, with prejudice.

DATED this 30th day of November, 2020.

_____
UNITED STATES MAGISTRATE JUDGE